In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00335-CV**

**IN RE VERNON VELDEKENS, ET AL**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 22-05-06903-CV**

**MEMORANDUM OPINION**

Relators, Vernon Veldekens; Marcel Town Center Cross Creek, LLC; Marcel Town Center Riverstone, LLC; Marcel Boulevard, LLC; Apex Suites 1, LLC; Apex Suites 2, LLC; Apex Suites 3, LLC; Atelier Salon Suites, 1, LLC; Atelier Salon Suites 2, LLC; The Perfect Round 1, LLC; The Perfect Round 2, LLC; and The Perfect Round 3, LLC, filed a petition for a writ of mandamus and a motion for temporary relief. *See* Tex. R. App. P. 52.1, 52.10. Relators seek to compel the trial court to vacate a September 11, 2022 order disqualifying their counsel in a lawsuit where Real Party in Interest Bowerman Contracting, LLC. asserted quantum meruit, promissory estoppel, and fraud claims in connection with an alleged agreement for

1

Bowerman Contracting to perform commercial construction superintendent services and other services for Veldekens on the Relators' commercial real estate projects. *See* Tex. Gov't Code Ann. § 22.221.

Bowerman Contracting's motion to disqualify claimed Relator's trial counsel represented both Bowerman Contracting and the Relators "on an ongoing basis concerning all aspects of their business relationship." Relators argue Bowerman Contracting failed to establish that the current lawsuit is the same as or substantially related to two subcontractor payment disputes, where Relators' counsel represented Bowerman Contracting, or a fishing boat dispute where Relators' counsel represented Bowerman Contracting's principal. *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.09(a)(3), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A ("Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client: . . . if it is the same or a substantially related matter."). Relators argue Bowerman Contracting failed to provide any evidence that Bowerman Contracting disclosed to Relators' counsel any confidential information that relates to Bowerman Contracting's agreement with Veldekens.

The trial court granted Bowerman Contracting's motion to disqualify Relators' counsel after holding two evidentiary hearings[1] and examining documents *in camera*, but the documents that the trial court examined *in camera* have been omitted from the mandamus record. The trial court noted that the documents included discussions that pertained to the business separation between Plaintiff and Defendants and related to events that occurred at a time when counsel represented both Plaintiff and Defendants. The trial court found "counsel was involved in the business and litigation aspects of the arrangement between Plaintiff and Defendants, and that arrangement is central to the issues in this case." The trial court found that the "evidence meets the burden of showing a prior attorney/client relationship with defense counsel, as well as a substantial relationship between the two representations." The trial court also found that counsel could have acquired confidential information concerning his prior client that could be used either to that prior client's disadvantage or for the advantage of his current client.

The relators have the burden of providing this Court with a sufficient record to establish their right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837

---

[1] Bowerman testified at the hearing that he had discussed and disclosed information to the attorney about the compensation and business arrangement between the Plaintiff and Defendants which is at issue in the underlying suit, and Bowerman produced for *in camera* review to the court certain documents representing communications between the parties and the attorney. Bowerman also alleged at the hearing that the attorney should be disqualified because he is a fact witness.

(Tex. 1992) (orig. proceeding). After reviewing the mandamus petition and the record that Relators submitted with their petition, and based upon the mandamus record, we conclude that Relators have not shown they are entitled to the relief sought in their mandamus petition. Accordingly, we deny the petition for a writ of mandamus and the motion for temporary relief. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on November 16, 2022
Opinion Delivered November 17, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.